In re SCHENECTADY ENGINEERING & CONSTRUCTION CO.

(District Court, N. D. New York. August 7, 1906.)

1. BANKRUPTCY—REFERENCE—RESIDENCE OF REFEREE.

Bankr. Act July 1, 1898, c. 541, § 22, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], provides that, after a person has been adjudged a bankrupt, the judge may cause the trustee to proceed with the administration of the estate or refer it to any referee within the territorial jurisdiction of the court, and that the judge may, for the convenience of the parties or for cause, transfer a case from one referee to another. *Held,* that such section refers to referees in bankruptcy appointed within the district where the case is pending, and that the court has no jurisdiction to refer a case to a referee appointed and residing in another district for any purpose.

2. SAME—REFEREES—JURISDICTION.

The jurisdiction of referees in bankruptcy prescribed by Bankr. Act July 1, 1898, c. 541, § 38, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], is confined to the limits of the districts for which they are appointed by the judge, and does not extend to cases pending outside such districts, except where the referees are specially appointed to fill a vacancy tem-

porarily, as authorized by section 43, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438].

In Bankruptcy. This is an application to transfer the reference of the case from the referee in the Northern district of New York, where the petition was filed and the adjudication made, to a referee in the Western district of New York, where most of the creditors of the bankrupt reside, under the provisions of section 22 of the bankrupt law.

Lewis & McKay, for the motion.

RAY, District Judge. In May, 1906, the Schenectady Engineering & Construction Company, a partnership, and the individual members thereof, were, on petition duly filed in the District Court of the Northern district of New York, duly adjudicated bankrupts by said court, and an order was made referring the matter to a referee within its territorial jurisdiction. The bankrupts reside in the Northern district of New York, and no petition in bankruptcy has been filed in the Western district of New York. The real estate is in the Northern district, but the personal estate is mostly in the Western district. Eighty of the creditors of the partnership, 106 in number, reside in the Western district, as do most of the creditors of the individual members thereof. In that district the firm not only had a large amount of property, but was doing business there. Litigations involving the estate are, and will be, pending in the Western district. It is a case where the convenience of the most of the creditors and of the attorneys for the petitioners would be best served, perhaps, by having all matters passed upon by a referee or the court in bankruptcy in the Western district, although that question is not directly passed upon, as the motion to transfer the case or refer it to a referee in bankruptcy of the Western district must be denied upon another ground.

Section 2 of chapter 2 of "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, provides as follows:

"That the courts of bankruptcy as hereinbefore defined, viz., the District Courts of the United States in the several states, the Supreme Court of the District of Columbia, the district courts of the several territories, and the United States courts in the Indian Territory and the District of Alaska, are hereby made courts of bankruptcy, and are hereby invested, within their respective territorial limits as now established, or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms, as they are now or may be hereafter held, to (1) adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof, or who do not have their principal place of business, reside, or have their domicile within the United States, but have property within their jurisdictions, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States and have property within their jurisdiction." Act July 1, 1898, c. 541, 30 Stat. 545, 546 [U. S. Comp. St. 1901, p. 3420].

From the facts now presented to the court it would seem clear that a petition in bankruptcy might have been filed in the Western district, as well as in the Northern, and, had that been done under section 32 of the act the case might have been transferred to the Western district. Section 32 reads as follows:

"Sec. 32. Transfer of Cases.—(a) In the event petitions are filed against the same person, or against different members of a partnership, in different courts of bankruptcy each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest." 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434].

But it was not done, and section 32 has no application.

This application is made under section 22 of the act, which reads as follows:

"Sec. 22. Reference of Cases after Adjudication.—(a) After a person has been adjudged a bankrupt the judge may cause the trustee to proceed with the administration of the estate, or refer it (1) generally to the referee or specially with only limited. authority to act in the premises or to consider and report upon specified issues; or (2) to any referee within the territorial jurisdiction of the court, if the convenience of parties in interest will be served thereby, or for cause, or if the bankrupt does not do business, reside, or have his domicile in the district.

"(b) The judge may, at any time, for the convenience of parties or for cause, transfer a case from one referee to another." 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431].

This section refers to the referees in bankruptcy appointed within the district where the case is pending, and the court has no jurisdiction or power to refer the case to a referee appointed by and residing in another district. By section 2 of the act already quoted, in part, the District Courts are made courts of bankruptcy, and are vested "within their respective territorial limits" only with the powers enumerated in that section. Section 22 must be read in the light of section 2 and also of section 38, which defines the "Jurisdiction of Referees" and reads as follows:

"Sec. 38. Jurisdiction of Referees.—(a) Referees respectively are hereby invested, subject always to a review by the judge. within the limits of their districts as established from time to time, with jurisdiction to (1) consider all petitions referred to them by the clerks and make the adjudications or dismiss the petitions; (2) exercise the powers vested in courts of bankruptcy for the administering of oaths to and the examination of persons as witnesses and for requiring the production of documents in proceedings before them, except the power of commitment; (3) exercise the powers of the judge for the taking possession and releasing of the property of the bankrupt in the event of the issuance by the clerk of a certificate showing the absence of a judge from the judicial district, or the division of the district, or his sickness, or inability to act; (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided; and (5) upon the application of the trustee during the examination of the bankrupts, or other proceedings, authorize the employment of stenographers at the expense of the estates at a compensation not to exceed ten cents per folio for reporting and transcribing the proceedings." 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435].

It is seen that their jurisdiction is confined to the limits of their districts, meaning the districts for which appointed by the judge, and does not extend to cases outside, except where specially appointed to fill a vacancy temporarily under section 43 of the act, which reads as follows:

"Sec. 43. Referee's Absence or Disability.—(a) Whenever the office of a referee is vacant, or its occupant is absent or disqualified to act, the judge may act, or may appoint another referee, or another referee holding an appointment under the same court may, by order of the judge, temporarily fill the vacancy." 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438].

The court of bankruptcy in the Northern district of New York has no control or jurisdiction over a referee residing in and appointed by the District Court of the Western district, or of any other district. ·

So the court of bankruptcy of one district has no power to appoint a referee residing without its territorial jurisdiction. Section 35 of the act provides:

"Qualifications of Referees. Individuals shall not be eligible to appointment as referees unless they are respectively, * * * (4) residents of, or have their offices in, the territorial districts for which they are to be appointed." 30 Stat. 555 [U. S. Comp. St. 1901, § 3435].

It follows that neither for convenience nor for any other reason can a court in bankruptcy or a judge thereof appoint a referee not having an office in the territorial district of the court as defined by law, or refer a case to a referee appointed by some other court.

The application is denied.